Charles W. Coe
LAW OFFICE OF CHARLES W. COE
810 W 2nd Avenue
Anchorage, Alaska 99501
Ph: (907) 276-6173
Fax: (907) 279-1884
charlielaw@gci.net

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AARON BAILEY, | ) |
| | ) Case No.3:12-cv-_____ |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BERKSHIRE HATHAWAY | ) |
| HOMESTATE INSURANCE | ) |
| COMPANY formerly and/or d/b/a | ) |
| CORNHUSKER CASUALTY | ) |
| COMPANY, | ) |
| | ) **COMPLAINT** |
| Defendant. | ) |

COMES NOW, the plaintiff, Aaron Bailey, by and through his attorney

CHARLES W. COE, and for his complaint against defendant BERKSHIRE

HATHAWAY HOMESTATE INSURANCE COMPANY formerly and/or doing

business as CORNHUSKER CASUALTY COMPANY, does state and allege as follows:

1      At all times material hereto, plaintiff was a resident of Anchorage, Alaska.

2      At all times material hereto in this complaint, defendant was and is an out of state corporation licensed by the State of Alaska and writing insurance policies in the State of Alaska and subject to the jurisdiction of this Court.

3      There is diversity between the parties. The amount in controversy is within the requirements of an adversity action and this Court has proper jurisdiction to hear this case pursuant to 28 USC § 1332.

4      Defendant is liable for the actions and/or failures to act of its employees under theories of respondeat superior and/or agency and/or vicarious liability. Defendant herein after means BERKSHIRE HATHAWAY HOMESTATE INSURANCE COMPANY formerly and/or doing business as CORNHUSKER CASUALTY COMPANY and its employees and is refered to as "Berkshire" or "defendant" in this complaint.

5	On or about April 25th, 2006, the plaintiff was injured in an auto collision as a driver while operating a vehicle insured by defendant. This vehicle had underinsured motorist (U/M) coverage in the amount of $1,000,000 per loss. This policy number AKA000929 was in the name of the Discovery Construction Inc., and covered plaintiff's vehicle and him while he operated this vehicle and when he was struck by an undersinsured motorist.

6	The collision on April 25th, 2006 was caused by the negligence of Ki S. Kim, an underinsured driver.

7	The collision caused injuries to plaintiff including but not limited to injuries to his shoulder, neck, back, hips, and spine.

8	Ki S. Kim was an underinsured driver covered by USAA insurance at the time of this auto incident. USAA paid the limits of her policy to the plaintiff. These limits were accepted by and paid to the plaintiff pursuant to the written permission of the defendant.

9	Records were submitted to defendant, by his counsel to defendant's representatives/adjusters and requests were made to pay the undisputed value of the claim.

*Bailey v. Berkshire Hathoway Homestate Insurance*
Complaint
Case No. 3:12-_____
Page 3 of 10

Case 3:12-cv-00139-TMB   Document 1   Filed 06/29/12   Page 3 of 10

10      Defendant has yet to pay the plaintiff the undisputed value under the plaintiff's underinsured auto policy.

11      Plaintiff's collision and the liability of the underinsured tortfeasor for plaintiff's injuries is undisputed.

12      Defendant's adjusters determined that Ki S. Kim was at fault for one hundred percent for plaintiff's damages and would be liable for compensatory damages if this case against him went to trial.

13      Defendant is believed to have determined that plaintiff was not at fault in the collision.

14      Plaintiff, through counsel, made demands to resolve this claim due to the severity of his injuries, the extent of damages to the vehicles, and the negligence of the tortfeasor.

15      Ki S. Kim is an underinsured motorist under the terms of defendant's insurance policy covering plaintiff in the auto collision of April 25th, 2006.

16      Defendant has investigated and has adjusted plaintiff's UM claim pursuant to 3 AAC 26.050 but have not offered what they maintain is the value of this claim.

17      The underinsured motorist, Ki S. Kim, caused plaintiff to incur medical expenses, wage loss, impairment, disability, pain/suffering and loss of enjoyment of life.

18      That Ki S. Kim was liable for negligence and/or negligent per se for violation of among other things:

   AMC 09.16.140 (B) Driving to Exercise Due Care.

19      The violation of the above provision is evidence of negligence for her acts and omissions for which she would be liable for damages.

20      Ki S. Kim was liable for plaintiff's past and/or future: medical expenses, wage loss, diminished earning capacity, impairment, loss of employment benefits, pain, suffering, disability, loss of capacity for enjoyment of life, inconvenience, physical limitations, and injury in an amount greater than the limits of her policy.

21      Defendant contractually obligated itself to pay:

> "… all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle" or underinsured motor vehicle" because of :
> a) "Bodily injury" sustained by an "insured" and caused by an "accident" if the Schedule or Declarations indicates that:
> 1) Uninsured/Underinsured Motorists Coverage applies to both "bodily injury"

and "property damage"; or
2) Uninsured/Underinsured Motorists Coverage applies to "bodily injury" only…

The owner's or driver's liability for these damages must redult from the ownership, maintenance or use of the "uninsured motor vehicle" or "underinsured motor vehicle."

22    Defendant is liable to plaintiff for past and/or future: medical expenses, wage loss, diminished earning capacity, disfigurement, loss of employment benefits, pain, suffering, disability, loss of capacity for enjoyment of life, inconvenience, physical impairment, and other non-pecuniary damages in an amount in excess of Ki S. Kim's policy, up to its policy limits.

23    To date, defendant has paid plaintiff nothing pursuant to his Underinsured Motorist claim and has not paid the undisputed value of this claim.

24    Plaintiff is a first party insured by defendant for this collision.

25    Defendant must treat its first-party insureds with the same regard as it treats its own interests when it comes to adjustment of their claims.

26    Instead of paying the damages which defendant determines that plaintiff suffered in the auto collision caused by the underinsured driver, defendant held the money and has not paid the undisputed amount of the

claim such that a lawsuit needs to be filed to protect his interest.

27      The underinsured motorist coverage section of defendant's policy that applies to this collision provides as follows:

(page 5) **ARBITRATION**

> a)   If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or "underinsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", then the matter may be arbitrated. However, disputes concerning coverage under this endorsement may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The tow arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. All arbitration expenses and fees, not including counsel or adjuster fees, will be paid as determined by the arbitrators. Each party will pay the counsel fees and adjuster fees it incurs.

28      Defendant's representatives to date have not been willing to arbitrate this matter under the provisions and terms of the policy outlined on page 5 which necessitates the filing of this lawsuit.

29      Defendant 's policy does not describe how to resolve a dispute of the damages caused by an underinsured motorist in the absence of an agreed arbitration set out on page 5 of the policy.

30      Defendant is aware that arbitration is a less expensive way for insureds to resolve UM disputes than litigation and that refusal to arbitrate forces their insureds to litigate claims.

31      Defendant knows that arbitration is quicker than litigation to resolve a UM dispute.

32      The cost of litigating an injury through jury trial in the Anchorage Superior Court or US District Court is at least $50,000 for each party, including expert fees, attorney fees, and costs.

33      Defendant knew or should have known of this expense based on prior underinsured motorist claims.

34      Defendant breached the covenant of good faith and fair dealing by not allowing an election of arbitration and in not paying the undisputed value of this case.

35      Defendant owes additional money under their underinsured motorist policy and/or are in breach of contract for not paying what is owed.

36      In this case, defendant has not paid the fair value of this claim after a reasonable investigation of all the available information in violation of AS 21.36.125 (a)(4).

37     Defendant has failed to attempt in good faith to makes prompt and equitable settlement of plaintiff's claims in which liability is clear in violation of AS 21.36.125(a)(6).

38     Defendant compelled the plaintiff in this case in which liability is clear to litigate for recovery of an amount due under his insurance policy.

39     Defendant is in breach of the covenant of good faith and fair dealing.

40     Plaintiff brings this matter to seek the full value of his damages as allowed under the policy in effect and to enforce the underinsured contract with the defendant.

41     Defendant adjusted plaintiff's UM claim in an unreasonable manner.

42     Defendant is liable for compensatory punitive damages for breach of contract and for enforcement of the insurance contract.

43     Defendant is liable for compensatory damages, attorney fees, and costs in this case in an amount within the jurisdiction of this court based on his injuries and damages caused by the underinsured driver to be paid by the defendant.

WHEREFORE, having fully pled plaintiff's complaint, plaintiff requests a judgment against defendant within the jurisdiction of this court to be

established by the trier of fact, plus interest, costs and attorney fees and

such relief as the court deems just.

DATED this 29th day of June, 2012

>By: /s/ Charles W. Coe
>Attorney for Plaintiff
>810 W 2nd Avenue
>Anchorage, Alaska 99501
>Phone: (907) 276-6173
>charlielaw@gci.net
>ABA#7804002

*Bailey v. Berkshire Hathoway Homestate Insurance*
Complaint
Case No. 3:12-_____
Page 10 of 10

Case 3:12-cv-00139-TMB   Document 1   Filed 06/29/12   Page 10 of 10